**Thomas A. WILLIAMS, Plaintiff–Appellant,**

**v.**

**COUNTY OF NASSAU, Thomas R. Suozzi, in his individual and official capacity, Nassau County Civil Service Commission, John J. Senko, Jr., in his** individual and official capacity, James F. Demos, in his individual and official capacity, David J. Gugerty, in his individual and official capacity, Anthony M. Cancellieri, in his individual and official capacity, John Donnelly, in his individual and official capacity, Carol Kramer, in her individual and official capacity, Peter Sylver, in his individual and official capacity, Bruce Nyman, in his individual and official capacity, Patricia Bourne, in her individual and official capacity, Defendants–Appellees,

**Charles W. Fowler, in his individual and official capacity, Robert L. Schoelle, Jr., in his individual and official capacity, Marguerite Costello, in her individual and official capacity, Nassau County Office of Housing and Intergovernmental Affairs, Defendants,**

**Robin E. Pellegrini, Plaintiff.***

No. 11–2033.

United States Court of Appeals, Second Circuit.

Oct. 21, 2014.

Stephen Bergstein, Bergstein & Ullrich, LLP, Chester, N.Y. (Law Office of Freder-

---

* The Clerk of the Court is directed to amend the caption as above.

ick K. Brewington, Hempstead, NY, on the brief), for Appellant.

Robert Vanderwaag, Deputy County Attorney (Dennis J. Saffran, on the brief), for John Ciampoli, County Attorney of Nassau County, Mineola, NY, for Appellee.

PRESENT: CHESTER J. STRAUB, RICHARD C. WESLEY, and DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Thomas A. Williams ("Williams") is the former Executive Director of the Civil Service Commission of Nassau County who alleges that he was fired in retaliation for his public comments before the Nassau County Legislature. Pursuant to 42 U.S.C. § 1983, Williams brought suit alleging Defendants terminated his employment in violation of the First Amendment. Williams appeals from a Memorandum & Order dated March 30, 2011, granting Defendants–Appellees' motion for reconsideration and thereby granting summary judgment for Defendants–Appellees and dismissing Williams's Complaint in its entirety. *See Williams v. County of Nassau,* 779 F.Supp.2d 276 (E.D.N.Y.2011). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

This court reviews de novo a district court's grant of summary judgment, "construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor." *Kuebel v. Black & Decker Inc.,* 643 F.3d 352, 358 (2d Cir.2011).

Because Williams spoke before the Nassau County Legislature not "as a citizen on a matter of public concern," *Garcetti v. Ceballos,* 547 U.S. 410, 418, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006), but rather "pursuant to his official duties" as defined by this Court in *Weintraub v. Board of Edu-*

*cation,* 593 F.3d 196, 203 (2d Cir.2010), we hold that Williams's speech is not protected by the First Amendment and affirm the district court's grant of summary judgment.

We have considered Williams's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is

**AFFIRMED.**